

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# USA v. Snow

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Snow" (2007). *2007 Decisions.* Paper 1253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4440

UNITED STATES OF AMERICA

v.

DALARIAN SNOW,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00018)
District Judge:  Honorable Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007
Before:  RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed April 19, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Dalarian T. Snow pled guilty to possession with intent to distribute five grams or

more of crack cocaine on April 16, 2003, in violation of 21 U.S.C. § 841(a)(1) (Count I);

possession with intent to distribute five grams or more of crack cocaine on October 8,

2003 (Count II); carrying a firearm during and in relation to a drug trafficking crime on

October 8, 2003, in violation of 18 U.S.C. § 924(c)(1)(A) (Count III); and possession with intent to distribute five grams or more of crack cocaine on September 1, 2004 (Count IV). As a condition of his plea agreement, Snow preserved the right to appeal his conviction based on the District Court's denial of his motion to suppress the evidence seized from the car he was operating on October 8, 2003.

Snow appeals the judgment of conviction solely with regard to Counts II and III. He argues that the District Court erred in denying his motion to suppress and that, at a minimum, the Court should have held a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to determine whether the affidavit submitted in support of the search warrant contained false statements and whether the remainder of the affidavit was sufficient to provide probable cause. We have jurisdiction over Snow's appeal pursuant to 28 U.S.C. § 1291 and we will affirm.

I.

On October 8, 2003, Officer Dale McCue was on patrol in an area where there had been complaints of drug dealing and gun shots. McCue observed a woman with her head inside the window of a running car that McCue recognized as one that Snow had driven in the past. McCue approached the car and saw Snow inside. As McCue approached, the woman threw an object onto the ground and walked away from the car. Snow got out of the car and locked the doors. McCue observed that Snow had bloodshot eyes and smelled of alcohol. When McCue told Snow to put his hands on the car, the woman "made several sudden movements toward" Officer McCue. Snow "made f[u]rtive movements

2

toward his waistband" as McCue tried to pat him down. App. at 30. McCue took Snow's keys and placed them on the car. At Snow's request, the woman took the keys and ran away. McCue arrested Snow for operating a vehicle while under the influence and resisting arrest. He then searched Snow and found $1,296, a cell phone, and an empty clear plastic baggie. McCue placed Snow in the back of the police car and called a tow truck. Then McCue looked through the window of Snow's car and saw marijuana on the floor. Snow's mother arrived before the tow truck arrived. She refused to consent to a search of the car. The tow truck secured the car.

On October 14, 2003, McCue obtained a search warrant for the car based on his affidavit describing the events of October 8. His subsequent search of the car revealed 16.48 grams of crack cocaine, a gun, a knife, and marijuana. Snow filed a motion to suppress the evidence seized from the car on the grounds that the police lacked authority for the search. Snow did not allege that there was a false statement in McCue's affidavit submitted in support of his application for a warrant. The District Court denied Snow's motion to suppress. Snow then pled guilty to all of the charges against him, but preserved his right to appeal the District Court's denial of his motion to suppress.

## II.

Snow argues, for the first time on appeal, that McCue's affidavit omitted the fact that Snow's mother arrived at the scene before the police called a tow truck. Snow contends that the fact that his mother arrived after the tow truck was called was necessary to the finding that there was probable cause to issue a search warrant. Snow argues that

3

the District Court therefore erred in denying his motion to suppress without first conducting an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the affidavit contained a material omission and whether the affidavit's remaining content was sufficient to establish probable cause to issue a warrant.

We review for plain error a defendant's claim that the district court erred by not holding a *Franks* hearing or suppressing evidence on the basis of an fraudulent omission in the warrant affidavit, when the defendant failed to request a *Franks* hearing or raise a challenge to the truthfulness of the affidavit securing the warrant before the district court. *United States v. Iiland*, 254 F.3d 1264, 1267 n.1 (10th Cir. 2001). We conclude that the District Court did not plainly err in denying Snow's motion to suppress without first holding a *Franks* hearing. Snow failed to make the required "substantial preliminary showing that a false statement knowingly and intentionally, and with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56. To be entitled to a *Franks* hearing, the defendant must make specific "allegations of deliberate falsehood or of reckless disregard for the truth" and must support these allegations with "an offer of proof." *Id*. at 171. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.* Snow did not argue in his motion to suppress that McCue's affidavit contained false statements or material omissions. Snow's counsel merely noted, *after* the District Court's denial of the suppression motion, that "there is some ambiguity as to the timing as to when some of the issues actually happened." App. at 13. This

4

statement, made after the Court's ruling on the motion, is plainly insufficient to make a preliminary showing under *Franks* that the affiant included a false statement in the warrant affidavit.

Furthermore, Snow failed to make a showing that the allegedly false statement was "necessary to the finding of probable cause." *Franks*, 438 U.S. at 156. Even if Snow's mother arrived before the tow truck was called, the affidavit is sufficient to provide probable cause to support the search warrant. The affidavit clearly states that McCue saw marijuana inside the car. Snow does not challenge this statement.[1] The fact that McCue saw contraband inside Snow's car was sufficient to provide probable cause for the issuance of the search warrant. *See United States v. Burton*, 288 F.3d 91, 100-01 (3d Cir. 2002) (finding that police may seize car and obtain search warrant where probable cause exists to believe it contains contraband). We therefore conclude that the District Court did not err in denying Snow's motion to suppress.

III.

Accordingly, for the reasons set forth above, we will affirm the District Court's denial of Snow's motion to suppress and affirm the judgment of conviction.

---

[1] In his brief, Snow quotes McCue's statement in the warrant affidavit that McCue "did observe what he knew to be a small amount of suspected Marihuana on the driver's side floor of the vehicle." Appellant's Br. at 7-8. Snow inexplicably states later in his brief that "there was no evidence that Defendant's Vehicle ... contained contraband." *Id*. at 19-20.